## THE STATE OF KANSAS v. J. N. NYE AND M. A. REDFORD.

*Per Curiam:* Like the preceding case, this is an appeal from a conviction under the prohibitory law. The objection is that the verdict is not sustained by the evidence, and the particular weakness claimed is the absence of proof of the non-issuance of a permit. The only testimony thereon was as follows, from the probate judge:

"I am now, and have been for eleven years past, probate judge of Chase county, Kansas, continuously: I now have the journal of my court here. It does not show that any permit has ever been issued to the defendants. This is the journal of my court. I have never recorded upon the journal of my court any of the permits which I ever issued to any one. I always record them in this book, which is marked; 'Record of Druggists' Permits.' If I had granted any permit to the defendants, it would not have appeared upon the journal of my court, as I do not enter permits upon the journal of my court; and if I had issued permits to any one to sell intoxicating liquors, that fact could not be ascertained from an inspection of the journal of my court."

Like the preceding case, this evidence is insufficient. If the court had permitted the evidence to stand that the journal or record kept by him, containing druggists' permits, did not show any permit had been issued, we could sustain the verdict. The court struck out competent evidence, but this cannot now be considered. The evidence which was admitted does not tend to show that no permit had been issued to the defendants.

The judgment must be reversed, and the cause remanded for a new trial.